

# IN THE 31ST JUDICIAL CIRCUIT COURT, GREENE COUNTY, MISSOURI

| Judge or Division:<br>JASON R BROWN | Case Number: 1631-CC01130 |
|---|---|
| Plaintiff/Petitioner:<br>GROUP BENEFIT SERVICES INC | Plaintiff's/Petitioner's Attorney/Address:<br>THOMAS W MILLINGTON<br>1901 SOUTH VENTURA<br>SUITE A<br>SPRINGFIELD, MO 65804 |
| vs. | |
| Defendant/Respondent:<br>BECKWITH ELECTRIC CO INC | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 |
| Nature of Suit:<br>CC Declaratory Judgment | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

| The State of Missouri to: | PAN-AMERICAN LIFE INSURANCE GROUP INC |
|---|---|
| R/A PATRICK C FRAZIER<br>601 POYDRAS ST STE 2600<br>NEW ORLEANS, LA 70130 | Alias: |

**COURT SEAL OF**

**GREENE COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

_____9/9/16_____ Date  _____KJ_____ Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _Private Investigator_ of _Orleans_ County, _Louisiana_ (state). Parish
3. I have served the above summons by: (check one)
   - [X] delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   - [ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   - [ ] (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   - [ ] other (describe)

Served at _601 Poydras St. Ste 2600_ (address)
in _Orleans_ County, _Louisiana_ (state), on _9 20 16_ (date) at _11:30 a.m._ (time).
_Richard Dornbos_   _Richard Dornbos_
Printed Name of Sheriff or Server   Signature of Sheriff or Server

Subscribed and Sworn To me before this _23rd_ (day) _Sept_ (month) _2016_ (year)
I am: (check one)
   - [ ] the clerk of the court of which affiant is an officer.
   - [ ] the judge of the court of which affiant is an officer.
   - [ ] authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
   - [ ] authorized to administer oaths. (use for court-appointed server)

Robert H. Cambre, Notary Public
Commission # 67597
State of Louisiana, Parish of Orleans
Commissioned for Life

_____ Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| Total | $_____ |

See the following page for directions to clerk and to officer making return on service of summons.

OSCA (7-04) SM60 *For Court Use Only:* Document ID# 16-SMOS-215      1 of 2      (1631-CC01130)      Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Electronically Filed - Greene - September 09, 2016 - 04:01 PM

IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

| | |
|---|---|
| **GROUP BENEFIT SERVICES, INC.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No._____ |
| | ) |
| **BECKWITH ELECTRIC CO., INC.,** | ) |
| | ) |
| [*Serve*: Thomas R. Beckwith, Registered Agent | ) |
| 6190 118th Ave. North | ) |
| Largo, FL  33773] | ) |
| | ) |
| and | ) |
| | ) |
| **PAN-AMERICAN LIFE INSURANCE GROUP, INC.,** | ) |
| | ) |
| [*Serve*: Patrick C. Fraizer, Registered Agent | ) |
| 601 Poydras St., Ste. 2600 | ) |
| New Orleans, LA 70130] | ) |
| | ) |
| Defendants. | ) |

## P E T I T I O N

### General Allegations

1.     Group Benefit Services, Inc. ("Group Benefit Services") is a corporation with its sole business location in Springfield, Missouri, and is duly authorized to engage in the business of providing third-party administrative services to employers that sponsor self-funded employee benefits plans, including, but not limited to group health insurance benefits and health insurance coverage for employees and administration of the same.

2.     Beckwith Electric Co., Inc. ("Beckwith Electric") is a corporation and was at all times pertinent to the allegations and claims asserted within this Petition, an employer engaged in the conduct of business which included, but was not limited to sponsoring an employee benefits plan ("the Beckwith Electric Employee Benefit Plan" or "the Plan"), including group

health insurance coverage benefits to be administered on behalf of its employees, by Group Benefit Services.

3.     Pan-American Life Insurance Group, Inc. ("Pan-American Life") is a reinsurance carrier that provided, and may still provide, reinsurance coverage to the Beckwith Electric Employee Benefit Plan for the benefit of employees of Beckwith Electric, at all times pertinent to the allegations set forth within this Petition hereinafter.

4.     Group Benefit Services and Beckwith Electric entered into a contract on May 14, 2013 for Group Benefit Services to provide claims administration services and to administer the benefits which the Beckwith Electric Employee Benefit Plan was entitled to receive, including the administration of health insurance benefits.  The Administration Services Agreement specifically provided for the application of the law of the State of Missouri to be applied in the resolution of any dispute between Beckwith Electric and Group Benefit Services.

5.     The Circuit Court of Greene County, Missouri has jurisdiction of the claims asserted within this Petition as Group Benefit Services is a resident of the state of Missouri and the controversy and claims asserted in this Petition arose out of the transaction of business in the State of Missouri between Group Benefit Services, Beckwith Electric and Pan-American. Additionally, venue of this action is proper in the Circuit Court of Greene County, Missouri pursuant to §508.010.2(4) RSMo., as there is no claim asserted in this Petition sounding in tort and the named defendants are nonresidents of the State of Missouri.

6.      In the fall of 2014, Beckwith Electric, acting by and through broker Joni Long of Brown & Brown, an insurance brokerage firm, determined to rearrange its employee insurance benefits and terminate its then existing third-party administration contract between Beckwith Electric and Group Benefit Services.

2

7.     As part of the rearrangement or restructuring of insurance benefits of its employees, Beckwith Electric, acting by and through its brokerage firm, Brown & Brown, determined to cancel a policy of insurance with Pan-American, prior to the expiration of the coverage period provided within the policy which had been previously procured by Group Benefit Services for the benefit of Beckwith Electric and which policy had been issued during the course of time that Group Benefit Services was acting as Third-Party Administrator for Beckwith Electric.

8.     Due, in part, to the fact that an employee of Beckwith Electric had incurred a significant health event, potentially triggering the obligation of Pan-American Life Insurance Group, Inc., to make significant payments to Beckwith Electric as a form of reimbursement for medical expense amounts expended by Beckwith Electric to health care providers on behalf of its employee, Group Benefit Services recommended that Beckwith Electric and its broker, Brown & Brown, exercise its contract options and right to extend the coverage with Pan-American Life, pending the transition of the benefits plan administration and anticipated transfer of coverage obligation and benefits to other insurors, so there would be no gap or loss of coverage for the Plan as a result of a significant health event which had resulted in hundreds of thousands of dollars of health care provider fees, costs and expenses incurred.

9.     Beckwith Electric, acting through its broker, Joni Long of Brown & Brown, initially heeded the advice of Group Benefit Services and elected to extend the reinsurance coverage with Pan-American Life for an additional period of time.

10.     Prior to the expiration of the extended coverage period, set to expire on midnight on the 30th day of November, 2014, Group Benefit Services again advised Beckwith Electric to exercise its rights to further extend the existing reinsurance coverage with Pan-American Life as

health care expenses attributable to the health care provided to the employee of Beckwith Electric that had sustained the significant health event were continuing to accrue, and there was a very real possibility that any new health insurance carrier whose coverage was arranged by the brokerage firm acting for Beckwith Electric would not provide insurance coverage for the Plan at all, or would only provide a very limited and narrow scope of coverage benefits for the Plan because of the claims attributed to Beckwith Electric due to the employee of Beckwith Electric that had sustained the significant health event.

11.     Beckwith Electric, acting by and through its broker, Joni Long of Brown & Brown, declined to follow the advice of Group Benefit Services, and declined to further extend its coverage with Pan-American Life. Coverage for the Plan thereafter expired on midnight on November 30, 2014.

12.     A large sum of health care provider expense and fees were incurred by the Beckwith Employee Benefit Plan on behalf of the employee that had sustained the significant health event after the Plan's loss of coverage with Pan-American Life which neither Pan-American Life nor the new and substituted insuror for the Beckwith Electric Employee Benefit Plan had agreed to pay, and in fact, Pan-American Life has contended it has no obligation to pay such fees and expenses.

13.     Upon information and belief, Beckwith Electric has paid a portion of the health care expense incurred by its employee in an amount not known to Group Benefit Services, but believed to be between $25,000.00 and $50,000.00, which Beckwith Electric now claims is the obligation of Pan-American Life or Group Benefit Services, or both.

14.     Beckwith Electric and Pan-American Life have each asserted that Group Benefit Services is responsible for payment of medical expenses incurred by the Beckwith Electric

Employee Benefit Plan due to the significant health event of an employee, as Pan-American Life and substitute insurors arranged by Beckwith Electric through its broker, Joni Long of Brown & Brown, each claim that the expenses are not covered under their policies.

15.     Group Benefit Services denies responsibility or legal liability for payment of the health care costs and expenses that were uninsured due to the acts of Beckwith Electric and its brokerage firm, Brown & Brown, in refusing to follow advice of Group Benefit Services and extend coverage under its existing Pan-American Life policy a second time as it was entitled to do, or alternatively, not effect termination of its employee health insurance benefits and coverage with Pan-American Life before the expiration of the contract for coverage period provided within the policy and otherwise, improvidently undertake to effect a transition of its employee benefits administration and health insurance coverage benefits to a new insuror prior to the expiration of its existing coverage contractual relationships.

## COUNT I

### Claim for Declaratory Judgment

16.     Group Benefit Services, for its claim for declaratory judgment, adopts, realleges and incorporates by reference all prior material allegations set forth hereinabove, and further states:

17.     An actual case and justiciable controversy has arisen between Group Benefit Services, Beckwith Electric and Pan-American Life, which is susceptible and proper for judicial resolution by declaratory judgment.

18.     The controversy between the parties requires the proper interpretation of obligations arising from and pursuant to the contract entered into between Group Benefit Services and Beckwith Electric for third-party administration of the self-funded plan sponsored

by Beckwith Electric as alleged in Paragraph 4 of this Petition, and proper interpretation of the policy for reinsurance issued by Pan-American Life at request of Group Benefit Services for the Plan.

19.    Resolution of the conflicting claims and legal questions and fact disputes between Group Benefit Services, Beckwith Electric and Pan-American Life is appropriate in this declaratory judgment action.

20.    Group Benefit Services affirmatively states that judgment should be entered in favor of Group Benefit Services, in this case, to the effect that Group Benefit Services has not breached any obligation to Beckwith Electric or Pan-American Life, and has no legal liability for damages or payment of any of the health care costs and expenses incurred by the Plan for Beckwith Electric's employee's significant health event which gave rise to health costs and expenses for which Pan-American Life has claimed it has no reinsurance coverage obligation.

WHEREFORE, Group Benefit Services requests the Court to enter its order and judgment, declaring the following:

1.    Group Benefit Services has no obligation to pay any part of the health care provider's costs and expenses incurred on behalf of the Plan due to Beckwith Electric's employee who sustained the significant health event.

2.    The loss of health reinsurance coverage benefits for the Beckwith Electric Employee Benefit Plan is attributable to the failure and refusal of Beckwith Electric to follow the advice of Group Benefit Services and elect to extend its existing reinsurance coverage with Pan-American Life available for the Plan, as recommended by Group Benefit Services.

3. Group Benefit Services has no liability to either Beckwith Electric or Pan-American Life based upon the facts and circumstances asserted within this Petition and which involve the substantive dispute in this case.

4. Taxing all costs of this action against defendants and such other relief as is just and proper.

/s/ *Thomas W. Millington*
Thomas W. Millington, MBN 35326
MILLINGTON, GLASS, LOVE & YOUNG
1901 S. Ventura, Suite A
Springfield, Missouri 65804
Telephone: 417/883-6566
Facsimile: 417/883-6689
Email: tmillington@springfieldlaw.net

ATTORNEY FOR PLAINTIFF,
GROUP BENEFIT SERVICES, INC.